**In re TRANS–END TECHNOLOGY, INC., Debtor.**

**Robert M. Greenwald, Trustee for Trans–End Technology, Inc., Plaintiff,**

v.

**Latham & Watkins, Defendants.**

**Bankruptcy No. 95–62168.
Adversary No. 97–6227.**

United States Bankruptcy Court, N.D. Ohio.

Aug. 13, 1998.

Susan L. Rhiel, Thompson, Hine & Flory, LLP, Columbus, OH.

Daniel A. DeMarco, Hahn, Loeser & Parks, LLP, Cleveland, OH, for plaintiff.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Bankruptcy Judge.

Pending before the Court is a Motion to Dismiss filed by the Defendant, Latham & Watkins. The motion is directed to a Complaint filed by the Plaintiff, Robert M. Greenwald, the Chapter 11 Trustee (Trustee) for Trans–End Technology (Debtor), seeking to avoid and recover an alleged fraudulent transfer. The Trustee responded to Latham & Watkins' motion. Latham & Watkins subsequently filed a supplemental response to which the Trustee has replied.

### FACTS

Latham & Watkins is a law firm which represented a corporation known as Clean–Up Technology (CUT) in a variety of litigation matters. CUT was the parent corporation of the Debtor, holding 100% of the Debtor's stock. On or about December 28, 1994, the Debtor transferred approximately $457,-709.45 to CUT of which $179,747.12 was thereafter transferred by CUT to Latham & Watkins for legal services rendered. The Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code on November 16, 1995. On November 14, 1997, the Trustee filed a complaint seeking to avoid and recover, pursuant to 11

U.S.C. § 548(a)(1) and § 550(a), Ohio Revised Code § 1336.04, § 1313.56, and § 1313.57 and California Civil Code § 3439.04, the $179,747.12 transferred to Latham & Watkins from CUT. On April 9, 1998, Latham & Watkins filed this motion to dismiss the Trustee's complaint.

### DISCUSSION

The Court has jurisdiction in this adversary proceeding by virtue of Section 1334(b) of Title 28 of the United States Code and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under Section 157(b)(2)(H) of Title 28 of the United States Code. This Memorandum of Decision constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Rules 12(b)(6) and (7) of the Federal Rules of Civil Procedure are made applicable to bankruptcy proceedings by Rule 7012 of the Federal Rules of Bankruptcy Procedure. Rule 12(b)(6) provides for the dismissal of an adversary proceeding when there is a failure to state a claim upon which relief can be granted. Rule 12(b)(7) provides for dismissal for the failure to join a necessary party. In considering a motion to dismiss, a court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993) (citations omitted).

■ Latham & Watkins sets forth three alternative arguments to warrant the dismissal of the Trustee's complaint. First, Latham & Watkins argues that it was not the initial transferee of the alleged fraudulent transfer. Second, it asserts that it did not receive a transfer of an interest of the Debtor as required by state and federal law. Lastly, Latham & Watkins claims that the Trustee cannot seek recovery from any subsequent transferee without first avoiding the alleged fraudulent transfer from the Debtor to CUT. The Trustee, in his response, con-

curs that Latham & Watkins is not being sued as the initial transferee but rather as a subsequent transferee. However, the parties disagree on the issue of whether an alleged fraudulent transfer must be actually avoided before recovery is sought from any of the transferees, or whether an alleged fraudulent transfer must only be shown to be avoidable.

The applicable provisions of the Bankruptcy Code governing the avoidance and recovery of fraudulent transfers are found in 11 U.S.C. § 548 and § 550. Section 548 provides for the avoidance of fraudulent transfers while section 550 provides for the recovery from any transferees.[1] Section 550, provides, in pertinent part:

(a) Except as otherwise provided in this section, to the extent that a transfer *is avoided* under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a) (emphasis added).[2]

The Trustee argues that he must only prove that the initial transfer of funds from the Debtor to CUT is avoidable in order to recover the transfer or its value from any subsequent transferee including, in this case, Latham & Watkins. In support, the Trustee cites to a decision from the District Court for the Northern District of California entitled *Kendall v. Sorani (In re Richmond Produce Co., Inc.)*, 195 B.R. 455 (N.D.Cal.1996). In that decision, the court held that a Chapter 11 Trustee was not required to first avoid a transfer against the initial transferee before recovering a transfer received by a subsequent transferee from the initial transferee. The *Richmond Produce* court found that "once [a] trustee proves that a transfer is avoidable under section 548, he may seek to recover against any transferee, initial or immediate, or an entity for whose benefit the transfer was made." *Id.* at 463.

The *Richmond Produce* court rejected the argument that the "to the extent the transfer is avoided" language in § 550 means that in order to recover from a subsequent transferee, the trustee must first avoid the transfer

---

1. Section 548(a)(1) and (2) provides:
The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
(ii) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtors ability to pay as such debts matured.

2. The Trustee also alleged causes of action under both Ohio and California fraudulent transfer law. Both Ohio and California have adopted the form of the Uniform Fraudulent Transfer Act. Ohio Revised Code § 1336.04 and California Civil Code § 3439.04 are analogous to the language contained in 11 U.S.C. § 548 except that these state statutes provide for a longer time period in which to initiate fraudulent conveyance claims. The Trustee alleges that both California Civil Code § 3439.08 and Ohio Revised Code § 1336.08 speak to only the requirement of showing the "avoidability" of fraudulent transfers. The legislative history of California Civil Code § 3439.08(b), however, states that it is derived from 11 U.S.C. § 550 which specifically provides that a transfer must be avoided before recovery is sought from any transferees. West's Ann.Cal.Civ.Code § 3439.08. Ohio Revised Code § 1336.08(B) is also virtually identical to the language contained in California Civil Code § 3439.08(b). The Trustee also alleges a cause of action under Ohio Revised Code § 1313.57 which applies to preferential transfers. However, the Trustee has failed to allege any basis upon which to recover under that statute.

to the initial transferee. *Id.* The court stated that:

> Section 550 clearly provides for recovery from the "initial transferee ... *OR* the entity for whose benefit the transfer was made *OR* ... any immediate or mediate transferee." 11 U.S.C. § 550(a)(1) & (2) (emphasis added). The provision contains no language that suggests that recovery from immediate transferees is in any way dependent upon a prior action or recovery against the initial transferee.

*Id.* Relying upon this reasoning, the Trustee claims that he must only prove that the Debtor's initial transfer to CUT is avoidable in order to recover the transfer of funds received by Latham & Watkins from CUT.

The Court, however, declines to follow the reasoning of the *Richmond Produce* court. The Sixth Circuit Court of Appeals has noted that statutes "must be read in a 'straightforward' and 'commonsense' manner," and that "[w]hen we can discern an unambiguous and plain meaning from the language of a [statute], our task is at an end." *Rogers v. Laurain (In re Laurain)*, 113 F.3d 595, 597 (6th Cir.1997). The language of § 550(a) is unarguably both unambiguous and plain and it clearly provides for the recovery of fraudulent transfers from initial and subsequent transferees "to the extent that the transfer is *avoided* under section ... 548 .." 11 U.S.C. § 550(a) (emphasis added). The Court cannot reconcile the Trustee's argument the transparently plain language of § 550(a) which requires that an initial transfer be avoided under § 548(a) before recovery is sought under that section.

A complete reading of § 550 supports the conclusion that actual avoidance of an initial transfer is required before recovery is sought from subsequent transferees. The Bankruptcy Code sets forth two statutes of limitation for avoidance and recovery of fraudulent transfers: sections 546 and 550(f).[3] Section 550(f) provides for a one year statute of limitation to seek recovery "after the *avoidance* of the transfer on account of which recovery under this section is sought." 11 U.S.C. § 550(f) (emphasis added). This limitation period is only commenced upon the happening, in this case, of the avoidance of a transfer under 11 U.S.C. § 548 within the statute of limitation period set forth in 11 U.S.C. § 546(a). If the Court were to adopt the Trustee's argument of avoidability, the limitation periods of both § 546 and § 550(f) would be rendered meaningless. This is because if a trustee is not required to first avoid a transfer before seeking recovery, there is no starting point for the statute of limitation period in § 550(f) to begin to run. In short, the Court cannot accept the Trustee's invitation to read the word "avoided" in § 550(a) to mean "avoidable."

The legislative history of § 550 also lends support to the requirement that a transfer must first be avoided before recovery is sought from initial or subsequent transferees. "Section 550 prescribes the liability of a transferee of an avoided transfer, and enunciates the separation between concepts of avoiding a transfer and recovering from the transferee." Sen.Rep. No. 989, 95th Cong., 2d Sess. 90, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5876; *See also, Official Unsecured Creditors Committee of Sufolla, Inc. v. U.S. National Bank of Oregon (In re Sufolla, Inc.)*, 2 F.3d 977, 982 (9th Cir.1993).[4] Thus, the plain language of § 550 as well as its

---

**3.** Section 546(a) provides:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

**4.** The *Sufolla* court refers to additional legislative history of § 550:

Section 550 of the House amendment has been modified in order to permit recovery from an entity for whose benefit an *avoided* transfer is made in addition to a recovery from the initial transferee of the transfer. ...[T]he liability of a transferee under section 550 applies only "to the extent that a transfer is avoided."

*In re Sufolla*, 2 F.3d at 982, fn. 6, quoting 1978 U.S.C.C.A.N. at 6527 (emphasis added).

legislative history support the conclusion that a transfer must be avoided, rather than shown to be merely avoidable, before recovery from any transferee can be accomplished.

The Court finds persuasive the reasoning of the Tenth Circuit Court of Appeals in *Weinman v. Simons (In re Slack–Horner Foundries Co.),* 971 F.2d 577 (10th Cir.1992). In that case, a Chapter 11 trustee sought to avoid a prepetition tax deed conveying property formerly belonging to a debtor from the state [the initial transferee] to a subsequent transferee. The Tenth Circuit held that because the trustee could not avoid the initial transfer from the debtor to the initial transferee, the trustee could not recover the subject property from the subsequent transferee. The Tenth Circuit reasoned that:

> Although § 550 of the Code authorizes the trustee in certain circumstances to recover the value of the property transferred from either the initial transferee or a subsequent transferee (see 11 U.S.C. § 550(a)(1) and (a)(2)), in order to recover from a subsequent transferee the trustee must first have the transfer of the debtor's interest to the initial transferee avoided under § 548.

*In re Slack–Horner Foundries Co.,* 971 F.2d at 580. Courts in other jurisdictions have also supported the position that a trustee must actually avoid an initial transfer as a prerequisite to obtaining recovery from subsequent transferees. *See, e.g., Brandt v. Hicks, Muse & Co. (In re Healthco International, Inc.),* 195 B.R. 971, 981–82 (Bankr. D.Mass.1996) (stating that "An avoided 'transfer' is recoverable only from a 'transferee.' If the initial transferee makes a second transfer, the property may be recovered from the later transferee only if the *'transfer is avoided'* with respect to the 'initial transferee.'"); *Thompson v. Jonovich (In re Food & Fibre Protection, Ltd.),* 168 B.R. 408, 419 (Bankr.D.Ariz.1994) (stating that "A [t]rustee may recover an *avoided* transfer not only from the initial transferee but also from certain subsequent transferees down the chain.") (emphasis added). Similar to the facts in *Slack–Horner,* the Trustee, in the instant case, has failed to either avoid the initial transfer from the Debtor to CUT or to name CUT as a party to this proceeding.

Furthermore, the Trustee cannot now seek to avoid the initial transfer from the Debtor to CUT because the limitations period under 11 U.S.C. § 546(a) within which to commence such an action has expired. The Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code on November 16, 1995. The Trustee was appointed on November 12, 1996. Pursuant to 11 U.S.C. § 546(a), avoidance actions must be brought within two years of the petition date or within one year after the appointment of a trustee, whichever is later. Thus, any avoidance actions which the Trustee sought to commence must have been filed by November 16, 1997. It is undisputed that the Trustee has filed no such action against CUT, and he is now unable to do so because the applicable limitations period has expired.

Accordingly, based upon the plain language of 11 U.S.C. § 550, the Court finds that a prerequisite to recovery from any transferee is that the initial transfer must first be avoided rather than merely proven to be avoidable. In the instant case, the Trustee has failed to avoid the initial transfer from the Debtor to CUT and is barred by 11 U.S.C. § 546(a) from seeking to initiate such an action in the future. Thus, it follows that the Trustee cannot seek recovery from Latham & Watkins as a subsequent transferee. Therefore, Latham & Watkins' motion will be **GRANTED** and the Trustee's complaint will be **DISMISSED.**